Daniel, Judge.
 

 This was an action by the second endorsee against the first endorser of a Bill of Exchange. The execution of the bill by the drawer, the acceptance, due demand and notice were all admitted to be complete. ■ The defendant, however, contended that as the plaintiff had once owned the bill as second endorsee, and had assigned it “ without recourse,” he could not again obtain a title to it, so as to give it in evidence on this declaration, and of this opinion was the Judge: because, he said, as the plaintiff had once made a restrictive endorsement, and by it had escaped from liability on the bill, he could not again obtain a title, so as to enable him to sue on it as endorsee. The Judge said, that when an endorsee endorses over, and afterwards takes up the bill in discharge of his liability, he is then remitted to his former right, and may strike out the subsequent endorsements and sue as endorsee, and the fact of his holding the bill raises the presumption of his having taken it up in discharge of his previous liability; but, in this case, the endorsement by the plaintiff being “without recourse” repelled such a presumption, and he had no title. The same arguments have been pressed upon us in this court by the defendant’s counsel. But the authorities cited, only shew that an endorser in full, who takes up the bill, is remitted to his former title, and may strike out his endorsement and sue as endorsee those standing before him on the bill. The law presumes that he has given value for it, therefore will permit him to strike out the names of persons, who apparently own and have the legal title to it. But the restrictive endorsement of French in this case was in blank; it directed payment to be made to no particular person, firm or corporation, which is necessary to , , . , ,, , make an endorsement special or in full. The next endorsement was also in blank. The bill, after it was so endorsed in blank, assumed the character, and had the effect thereafter a bill payable to bearer. Chitty on Bills 136. Byles on Bills 84.
 
 Peacock
 
 v.
 
 Hodges,
 
 Douglass 633.
 
 Francis
 
 v.
 
 Mott,
 
 Doug. 612. The two first and two last endorsements
 
 *222
 
 being
 
 special
 
 or
 
 in full,
 
 did not prevent the bill assuming character of a bill payable to bearer, after it had been once endorsed in blank,
 
 Smith
 
 v.
 
 Clarke,
 
 1 Esp. Rep. 180.
 
 Holmes
 
 v.
 
 Hooper,
 
 Bay. Rep. 158— Chitty on Bills 136; for became payable to
 
 bearer
 
 as against the drawer, the acceptor, the payee, the blank endorser, and all endorsers before him. Byles on Bills 85. The bill passed as currency bu the market, and French had as much right to purchase it anyb°<iy else. He being the holder, the law implies, unsomething be shewn to the contrary, that he gave value for it, or rather came fairly and legally by it. Byles on Bills 60 — 3 Kent’s Com. 77. The plaintiff had therefore acquired a legal title to the bill by delivery. The restrictive endorsement by French did not break the chain of title. The idea of the Judge that French must have been once liable, as endorser on the bill, and that he must have taken it up in consequence of that liability, before he could gain a title to sue on it, we think is erroneous. He, being impliedly the
 
 bona fide
 
 holder, had a right to strike out all the endorsements below that to himself, and declare as the second endorsee.
 
 Smith
 
 v.
 
 Clarke,
 
 1 Esp. Rep. 180.
 

 endorsecHn Wank, beabrTtoS the accept- or er3,
 

 Per Curiam. Judgment of non-suit set aside, and judgment rendered for the plaintiff on the verdict;